IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LEROY SUMLIN, | : | PRISONER CIVIL RIGHTS |
| GDC # 416873, | : | 42 U.S.C. § 1983 |
|     Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:12-CV-2863-TWT-GGB |
| | : | |
| STATE OF GEORGIA, et al., | : | |
|     Defendants. | : | |

## FINAL REPORT AND RECOMMENDATION

Plaintiff, Leroy Sumlin, an inmate at the Smith State Prison in Glennville, Georgia, has filed a *pro se* civil rights action under 42 U.S.C. § 1983. The matter is presently before me for a 28 U.S.C. § 1915A review. For the reasons discussed below, I recommend that the complaint be dismissed.

I. <u>28 U.S.C. § 1915A Review</u>

Federal courts are required to conduct an initial screening of prisoner complaints against governments or government officials to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts may dismiss a complaint if the alleged facts do not state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States or a federal statute; and (2) the act or omission was committed by a person acting under color of state law. *Evans v. St. Lucie County* Jail, 448 F. App'x 971, 973 (11th Cir. 2011) (citing *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995)).

II. Plaintiff's Allegations

Plaintiff sues the State or Georgia, attorney J. Kevin Franks, assistant district attorney Fannie Willis, and district attorney Paul Howard, challenging his 2005 state criminal proceedings in the Fulton County Superior Court. Specifically, Plaintiff argues that his attorney "tricked" him into signing his indictment on the first day of his criminal trial, although Plaintiff was unaware at the time he signed it that, by signing the indictment, he was waiving formal arraignment on his criminal charges. Plaintiff contends that he discovered the facts supporting his claim on September 24, 2010. Plaintiff argues that his constitutional rights have been violated because he did not knowingly waive his right to be arraigned, and he seeks damages and for his conviction to be overturned.

2

III. <u>Discussion</u>

Plaintiff's challenge to his state criminal proceedings cannot be brought in this § 1983 action. A habeas corpus petition is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). Thus, Plaintiff must seek habeas corpus relief.

However, I will not construe Plaintiff's complaint as a habeas corpus petition, because Plaintiff has already pursued state habeas corpus relief in this court through a 28 U.S.C. § 2254 petition. *See Sumlin v. Williams*, 1:11-CV-2272-TWT. Plaintiff's habeas corpus petition was dismissed by this Court as untimely. Thus, Petitioner must seek certification from the Eleventh Circuit in order to file a successive petition in this Court. *See* 28 U.S.C. § 2244(b)(3)(A) ( "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *see also Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (holding district court lacked jurisdiction to consider second habeas petition because prisoner had not applied to the court of appeals for permission to file a successive application).

3

Furthermore, Plaintiff's claim for damages with regard to his state criminal proceedings is premature. In *Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (footnote and citations omitted), the United States Supreme Court held that a § 1983 cause of action "attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Plaintiff's § 1983 claims have not yet accrued because he has not alleged that his conviction or sentence has been invalidated. Therefore, his claim for damages must fail.

IV. Conclusion

Based on the foregoing, **I RECOMMEND** that this action be **DISMISSED** as frivolous under 28 U.S.C. § 1915A.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED,** this 5th day of April, 2013.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE